UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL MICHAEL TAYLOR,

          Plaintiff,

v.                            Case No. 3:05-CV-398-J-25TEM

WILLIAM "BILL" ROBINSON,
et al.,

          Defendants.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

This cause is before the Court on the pro se inmate Plaintiff's civil rights complaint (Doc. #1) (hereinafter Complaint). The Complaint was filed in this Court on May 3, 2005. The letter (Doc. #4), filed with the Complaint on May 3, 2005, is dated April 19, 2005, stating that Plaintiff is forwarding to the Court his civil rights complaint, which he claims he initially mailed to the Court on October 28, 2002. Plaintiff has failed to satisfy the mailbox rule and show that he turned his complaint over to prison officials for mailing on October 28, 2002. Clearly, the Complaint was never filed with this Court in 2002. Upon review and consideration, the Court finds that the Complaint was filed on May 3, 2005.[1]

_____

[1] The Plaintiff admits in his letter that he is filing the Complaint beyond the four-year statute of limitations, but he hopes that a civil prosecution remains viable under federal law. Unfortunately for Plaintiff, that is not the case.

Plaintiff has submitted a complaint that is incredibly lengthy, written in ridiculously small print in some parts, and fails to present a brief, concise statement of the claims and facts. The Complaint consists of 112 pages. Plaintiff's averments are not simple, concise, and direct. In addition, Plaintiff has submitted four incomplete service copies for six defendants.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal

theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

The majority of the allegations in the Complaint concern alleged events which took place on December 13, 1997. Some of the allegations concern events which occurred in 1998. It is clear that Plaintiff's case is barred by the statute of limitations. Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation periods prescribed by

3

the state in which the litigation arose. In all § 1983 actions, the state limitations statute governing personal injury claims should be applied. See Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987). Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Florida Statute § 95.11(3). In sum, the appropriate limitations period for Plaintiff's federal constitutional claims is four years:

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries. See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); Baker v. Gulf & Wester Industries, Inc., 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

Omar ex. re. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (appendix).

As stated above, the majority of the allegations in Plaintiff's Complaint concern events that allegedly occurred on December 13, 1997.[2] A small portion of the complaint concerns

---

[2] Plaintiff claims in a letter to the Clerk of the Court (Doc. #4) that he originally mailed the civil rights complaint to this Court on October 28, 2002. None of the documents Plaintiff has presented to the Court satisfy the mailbox rule and show that Plaintiff presented the civil rights complaint for mailing to the prison officials on October 28, 2002. Nevertheless, even if

4

events that occurred in 1998.  The entire action is barred by the statute of limitations and is due to be dismissed as frivolous. See <u>Clark v. State of Ga. Pardons & Paroles Bd.</u>, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Plaintiff complains that a public defender, Angela K. Leduc, allegedly failed to adequately represent him.  With respect to Defendant Leduc, Plaintiff has failed to satisfy the first prong of the elements for a § 1983 action.  The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  <u>Polk County, et al. v. Dodson</u>, 454 U.S. 312, 325 (1981) (footnote omitted).  Here the public defender is performing a lawyer's traditional function of representing Plaintiff in a criminal action.  As such, the public defender is not acting under color of state law.

Accordingly, for all of the above-stated reasons, it is now

---

Plaintiff had given the prison authorities in North Carolina his civil rights complaint for mailing on October 28, 2002, most, if not all of the complaint would have been barred by the statute of limitations as being beyond the four-year limitations period.  It appears that the financial records attached to the letter were requested pursuant to a court order which required Plaintiff to file a financial statement by October 30, 2002.  Clearly, that order did not concern a civil rights complaint which had not yet been filed.  Thus, it appears that the financial records were essentially requested for a different case.

5

**ORDERED:**

1. This case is **DISMISSED WITH PREJUDICE,** and the Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27 day of May, 2005.

UNITED STATES DISTRICT JUDGE

sa 5/27
c:
Daniel Michael Taylor